DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, The Franklin Life Insurance Company ("Franklin"), appeals the judgment of the Summit County Court of Common Pleas dismissing its claim against appellee, Burkhardt Consolidated Company ("Burkhardt"), for attorney's fees. We reverse and remand.
In June 1994, plaintiff, an unrelated party to this appeal, filed a complaint naming both Franklin and Burkhardt as defendants. The dispute involved real property which was owned by Burkhardt and mortgaged to Franklin. In its answer to the complaint, Franklin filed a cross-claim against Burkhardt for indemnity, pursuant to the mortgage deed, for costs and attorney's fees incurred in defending the action. In May 1995, Franklin moved for summary judgment on its cross-claim against Burkhardt. The court denied this motion. Thereafter, the claim relating to Burkhardt's alleged duty to indemnify Franklin was bifurcated from all other issues in the case and set for a separate hearing.
In December 1996, the parties briefed the issue of indemnity for review by a magistrate. In its decision, the magistrate found that Franklin had failed to abide by conditions precedent necessary to exercise its right to indemnity under the mortgage deed. Specifically, the magistrate found that Franklin failed to provide Burkhardt with notice and an opportunity to defend. Having so failed, the magistrate determined that Burkhardt was not required to indemnify Franklin, and it dismissed Franklin's cross-claim. Franklin filed objections to the magistrate's decision but the lower court overruled the objections, finding the cross-claim was properly dismissed. Franklin appeals, naming two assignments of error. We will discuss the second assigned error first, as we find it dispositive of this appeal.
 II. THE TRIAL COURT ERRED WHEN IT DENIED FRANKLIN LIFE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST BURKHARDT.
Franklin argues the court erred in not granting summary judgment on its cross-claim against Burkhardt. It argues that, based on the clear language of the mortgage deed, Burkhardt was obligated to indemnify it for any costs and attorney's fees incurred in the action against it. There are three clauses in the deed which specifically pertain to indemnification. They are as follows:
 10. The Grantor [Burkhardt] will appear in and defend any action or proceeding purporting to affect the security of this mortgage or the interests of Grantee [Franklin]; and pay all costs and expenses, including * * * attorney's fees in a reasonable sum, in any such action or proceeding in which the Grantee may appear.
 11. The Grantor agrees to pay all costs and reasonable attorney fees immediately upon demand therefor as may be incurred by the Grantee in the event it is named a party defendant to any judicial proceedings by reason of having an interest in the real estate described herein * * *. * * *
 12. Should Grantor fail or refuse to make any payment or do any act, which he is obligated hereunder to make or do, * * * then Grantee * * * may * * * make or do the same in such manner and to such extent as may be deemed necessary to protect the security of this mortgage * * *. * * * [U]pon [Grantee's] election so to do, employment of an attorney is authorized, and any such payments by Grantee, including reasonable attorney fees, shall be secured hereby * * * and shall be at once due and payable.
The magistrate construed the above language to require two conditions precedent before Burkhardt's duty to indemnify Franklin was triggered. First, the magistrate found an implied condition precedent in the tenth and twelfth clauses requiring Franklin to notify Burkhardt if it was involved in any action as a result of its interest in the subject property. The magistrate then read the three clauses in conjunction, applying that condition precedent to the eleventh clause as well. The magistrate reasoned:
 If, in fact, paragraph (sic) 10 and 12 were not included in the mortgage agreement, there may well be some basis for Franklin's contention that the operative words ". . . grantor agrees to pay all costs and reasonable attorney fees immediately . . ." would obviate the need for notice and compel payment by Burkhardt. However, paragraph 10 incorporates language of an obligatory nature wherein it sets forth "the grantor will appear and defend any action or proceeding purporting to effect security of this mortgage or the interest of the grantee . . ." Paragraph 10, if taken in isolation, would oblige Burkhardt to make an appearance and defend the interest of Franklin and, though it is not stated in the mortgage document, there is clearly an implied condition precedent to that which would be that Burkhardt would have to be noticed by Franklin of its requirement to appear and defend. * * *
 * * * Again under paragraph 12, the implied condition is that Franklin would have to notice Burkhardt of its requirement * * *.
The magistrate determined the twelfth clause also contained a second condition precedent, requiring Burkhardt to first fail or refuse to act on the matter for which notice was given before Franklin had any authority to pursue its own representation at Burkhardt's expense. The magistrate found that Franklin failed to provide Burkhardt with the necessary notice and that Burkhardt was, therefore, not obligated to pay the costs associated with the action.
We disagree with the magistrate's attempt to read these three clauses in conjunction with each other. First, the terms of a contract will be construed to avoid the conclusion that other terms are redundant or meaningless. Gibbons-Grable Co. v. GilbaneBuilding Co. (1986), 34 Ohio App.3d 170, 175. Here, interpreted as the magistrate suggests, the terms of the eleventh clause are essentially redundant of the terms of the tenth. We believe a more appropriate interpretation is to recognize that the tenth and twelfth clauses set out a general duty on the part of Burkhardt, while the eleventh clause is more specific.
The tenth clause generally obligates Burkhardt to appear in, defend and pay the costs of any action or proceeding in which Franklin might appear, involving the security of the mortgage or Franklin's interest in it. This clause applies generally to any action involving Franklin and the mortgage, no matter what level of involvement or capacity Franklin might have in that action. It is reasonable to conclude that notice is required under this clause, as Burkhardt cannot be expected to appear without such notice. Likewise, the twelfth clause indicates generally
Franklin's authority, should Burkhardt fail or refuse to act as obligated under the deed. Because this clause is not triggered unless Burkhardt does fail or refuse to act it, too, requires some request or notice on the part of Franklin before it applies.
The eleventh clause, however, is specific. It specifically
obligates Burkhardt to "pay all costs and reasonable attorney fees" incurred by Franklin in the event that Franklin would benamed as a party defendant by reason of its interest in the property. As opposed to clauses ten and twelve, this language applies to one specific situation. Because Burkhardt is not required to appear, notice is not necessary. Because Burkhardt is not required to act, a refusal to act is not necessary. All that is required is that Burkhardt pay Franklin's costs and fees immediately upon demand, should Franklin ever be named as a party defendant.
"It is * * * well-established in Ohio that where two clauses of a contract appear to be inconsistent, the specific clause prevails over the general." Id. Also, courts in Ohio are bound by the plain and unambiguous terms of a contract and cannot enlarge or extend the contract by implication. See Drumm v. Blue Cross
(1974), 40 Ohio App.2d 421, 425. We therefore find that the more specific, eleventh clause stands alone and that the condition precedent of notice, reasonably implied in clauses ten and twelve, cannot be implied here.
A trial court should not grant summary judgment unless, construing the evidence most strongly in favor of the nonmoving party, the record discloses no genuine issue of material fact and that reasonable minds can only conclude the moving party is entitled to judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court must apply this same standard on review. Id.
There is no dispute in this case that Franklin was named a party defendant by reason of its interest in the property. This is the specific situation to which the eleventh clause applies and it is automatically triggered. The tenth and twelfth clauses are inapplicable here. Under the language of the eleventh clause, Burkhardt is required to indemnify Franklin for any costs and reasonable attorney's fees incurred as a result of this action. There are no conditions precedent.
For the above reasons, we find there were no genuine issues of material fact remaining on this matter and that Franklin was entitled to judgment as a matter of law. The lower court erred in failing to grant Franklin's motion for summary judgment on its cross-claim against Burkhardt.
Because we find Franklin's second assignment of error well taken, we find its first assignment rendered moot. We reverse the judgment of the lower court denying Franklin summary judgment on this matter, and remand for determination of costs and reasonable attorney's fees and any other matters not inconsistent with this opinion.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee, Burkhardt Consolidated Company.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
REECE, J.
CONCUR